Bernice JONES

v.

NORTH AMERICAN AERODYNAMICS, INC., et al.

Supreme Judicial Court of Maine.

Argued Nov. 8, 1983.

Decided Dec. 20, 1983.

Hale & Hamlin, Barry K. Mills (orally), Ellsworth, for plaintiff.

Howard H. Dana, Jr., John W. Philbrick, Portland, for No. Am. Aerodynamics.

Peter W. Culley, Martica Sawin (orally), Portland, for West Point Pepperell.

1. Decided subsequent to this certification.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

The United States District Court, District of Maine, has certified to us, pursuant to 4 M.R.S.A. § 57 (Supp.1982–1983) and M.R. Civ.P. 76B, the following question of Maine law:

Does Maine's borrowing statute, 14 M.R.S.A. § 866, require application of Louisiana's one-year statute of limitations to an action instituted in Maine when the cause of action arose in Louisiana and when all parties were amenable to suit in Louisiana during the period authorized for bringing the action in Louisiana?

Because there is now "clear and controlling precedent" in *Ouellette v. Sturm, Ruger & Co., Inc.*, 466 A.2d 478 (Me.1983),[1] we decline to answer the question. 4 M.R.S.A. § 57 (Supp.1982–1983).

The Clerk will transmit these instructions to the United States District Court for the District of Maine.

So ordered.

All concurring.